# EXHIBIT B

# Complaint to Trans Union, LLC

STATE OF MICHIGAN
IN THE 41B DISTRICT COURT

COEN MCGARITY,
    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.
an Ohio corporation,
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation,
TRANS UNION, LLC,
a Delaware limited liability company,
ALLIANCE CATHOLIC CREDIT UNION,
a Michigan corporation,
ONE MAIN FINANCIAL SERVICES, INC.,
a Minnesota corporation, and
VIBE CREDIT UNION, f/k/a Telcom Credit Union,
a Michigan corporation,

    Defendants.

_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, COEN MCGARITY, THROUGH COUNSEL,**

**NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for his Complaint against the

Defendants, plead as follows:

**VENUE**

1. The transactions and occurrences which give rise to this action occurred in Mount

    Clemens, Macomb County, Michigan.

2. Venue is proper in the 41B District Court in Macomb County, Michigan as the actions and occurrences recited herein occurred in Mount Clemens, Macomb County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian) which is an Ohio company that maintains as registered agent in Oakland County, Michigan;

   b. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan;

   c. Trans Union, LLC ("Trans Union") which is an Delaware company that maintains a registered agent in Ingham County, Michigan;

   d. Alliance Catholic Credit Union ("Alliance") which is a Michigan company that maintains its offices in Oakland County, Michigan;

   e. One Main Financial Services, Inc. ("One Main") which is a Minnesota that maintains its registered agent in Oakland County, Michigan; and

   f. Vibe Credit Union, formerly known as Telcom Credit Union ("Vibe") which is a Michigan company that maintains offices in Oakland County, Michigan.

## GENERAL ALLEGATIONS

5. Vibe, Alliance and One Main have reported their respective trade lines (collectively "Bogus Trade Lines") on Plaintiff's credit files with Experian, Equifax, and Trans Union

(collectively "Credit Reporting Agencies" or "CRAs"). These trade lines do not belong to Plaintiff as he is the victim of identity theft.

6.  In 2014, Mr. McGarity owned a business in Ohio and discovered that an employee was stealing his money. He later obtained his credit reports and noticed the Bogus Trade Lines. Plaintiff submitted letters to the CRAs disputing the Bogus Trade Lines and advised the CRAs that the Bogus Trade Lines did not relate to accounts that he had opened.

7.  Upon information and belief, the CRAs transmitted Mr. McGarity's consumer disputes to Vibe, Alliance and One Main.

8.  On or about February 12, 2015, Mr. McGarity obtained more recent credit files from Experian, Equifax and Trans Union and noticed that Vibe, Alliance, and One Main were continuing to report the Bogus Trade Lines.

9.  On or about February 23, 2015, Mr. McGarity filed a police report with the Macomb County Sheriff's office citing identity theft.

10. On or about April 15, 2015, Mr. McGarity submitted another letter to the CRAs disputing the Bogus Trade Lines. This time, he attached a copy of the police report that he obtained from the Macomb County Sheriff's office, supporting his claim that these accounts were procured by identity theft and did not belong to him.

11. Upon information and belief, the CRAs transmitted these consumer disputes to Vibe, Alliance and One Main.

12. On or about May 13, 2015, Plaintiff received results of the investigation from Experian which showed that Alliance and One Main each retained its respective Bogus Trade Line.

13. On or about May 18, 2015, Mr. McGarity received results of the investigation from

    Equifax which showed that Vibe retained its three respective Bogus Trade Lines.

14. On or about May 21, 2015, Mr. McGarity received results of the investigation from Trans

    Union which showed that Vibe and Alliance retained their respective Bogus Trade Lines.


## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY ALLIANCE

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Trans Union and Experian of Mr. McGarity's consumer disputes

    to the Bogus Trade Line, Alliance negligently failed to conduct a proper investigation of

    Mr. McGarity's disputes as required by 15 USC 1681s-2(b).

17. Alliance negligently failed to review all relevant information available to it and provided

    by Trans Union and Experian in conducting its reinvestigation as required by 15 USC

    1681s-2(b). Specifically, it failed to direct Trans Union and Experian to remove the

    Bogus Trade Line.

18. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr.

    McGarity's consumer credit files with Trans Union and Experian to which it is reporting

    such trade line.

19. As a direct and proximate cause of Alliance's negligent failure to perform its duties under

    the FCRA, Mr. McGarity has suffered damages, mental anguish, suffering, humiliation

    and embarrassment.

20. Alliance is liable to Mr. McGarity by reason of its violations of the FCRA in an amount

   to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15

   USC 1681o.

21. Mr. McGarity has a private right of action to assert claims against Alliance arising under

   15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the

Defendant Alliance  for damages, costs, interest and attorneys' fees in the amount of less than

twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY ALLIANCE

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union and Experian that Mr. McGarity disputed the

   accuracy of the information it was providing, Alliance willfully failed to conduct a proper

   reinvestigation of Mr. McGarity's dispute.

24. Alliance willfully failed to review all relevant information available to it and provided by

   Trans Union and Experian as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Alliance's willful failure to perform its respective

   duties under the FCRA, Mr. McGarity has suffered damages, mental anguish, suffering,

   humiliation and embarrassment.

26. Alliance is liable to Mr. McGarity for either statutory damages or actual damages he has

   sustained by reason of its violations of the FCRA in an amount to be determined by the

   trier fact, together with an award of punitive damages in the amount to be determined by

the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore

pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against

Alliance for the greater of statutory or actual damages, plus punitive damages, along with costs,

interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00)

exclusive of costs, interest and attorney's fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY ONE MAIN

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Experian of Mr. McGarity's consumer disputes to the Bogus

    Trade Line, One Main negligently failed to conduct a proper investigation of Mr.

    McGarity's disputes as required by 15 USC 1681s-2(b).

29. One Main negligently failed to review all relevant information available to it and

    provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-

    2(b).  Specifically, it failed to direct Experian to remove the Bogus Trade Line.

30. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr.

    McGarity's consumer credit file with Experian to which it is reporting such trade line.

31. As a direct and proximate cause of One Main's negligent failure to perform its duties under the FCRA, Mr. McGarity has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. One Main is liable to Mr. McGarity by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Mr. McGarity has a private right of action to assert claims against One Main arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant One Main for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ONE MAIN

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Experian that Mr. McGarity disputed the accuracy of the information it was providing, One Main willfully failed to conduct a proper reinvestigation of Mr. McGarity's dispute.

36. One Main willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of One Main's willful failure to perform its respective duties under the FCRA, Mr. McGarity has suffered damages, mental anguish, suffering, humiliation and embarrassment.

38. One Main is liable to Mr. McGarity for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against One Main for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY VIBE

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Trans Union and Equifax of Mr. McGarity's consumer disputes to the Bogus Trade Lines, Vibe negligently failed to conduct a proper investigation of Mr. McGarity's disputes as required by 15 USC 1681s-2(b).

41. Vibe negligently failed to review all relevant information available to it and provided by Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union and Equifax to remove the Bogus Trade Lines.

42. The Bogus Trade Lines are inaccurate and creating a misleading impression on Mr. McGarity's consumer credit file with Trans Union and Equifax to which it is reporting such trade lines.

43. As a direct and proximate cause of Vibe's negligent failure to perform its duties under the FCRA, Mr. McGarity has suffered damages, mental anguish, suffering, humiliation and embarrassment.

44. Vibe is liable to Mr. McGarity by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

45. Mr. McGarity has a private right of action to assert claims against Vibe arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Vibe for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY VIBE

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. After being informed by Trans Union and Equifax that Mr. McGarity disputed the accuracy of the information it was providing, Vibe willfully failed to conduct a proper reinvestigation of Mr. McGarity's disputes.

48. Vibe willfully failed to review all relevant information available to it and provided by Trans Union and Equifax as required by 15 USC 1681s-2(b).

49. As a direct and proximate cause of Vibe's willful failure to perform its respective duties under the FCRA, Mr. McGarity has suffered damages, mental anguish, suffering, humiliation and embarrassment.

50. Vibe is liable to Mr. McGarity for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Vibe for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McGarity as that term is defined in 15 USC 1681a.

53. Such reports contained information about Mr. McGarity that was false, misleading and inaccurate.

54. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McGarity in violation of 15 USC 1681e(b).

55. After receiving Mr. McGarity's consumer disputes to the Bogus Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

56. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. McGarity has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

57. Equifax is liable to Mr. McGarity by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUFAX

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McGarity as that term is defined in 15 USC 1681a.

60. Such reports contained information about Mr. McGarity that was false, misleading and inaccurate.

61. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McGarity, in violation of 15 USC 1681e(b).

62. After receiving Mr. McGarity's consumer disputes to the Bogus Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

63. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. McGarity has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

64. Equifax is liable to Mr. McGarity by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McGarity as that term is defined in 15 USC 1681a.

67. Such reports contained information about Mr. McGarity that was false, misleading and inaccurate.

68. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McGarity in violation of 15 USC 1681e(b).

69. After receiving Mr. McGarity's consumer disputes to the Bogus Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. McGarity has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

71. Experian is liable to Mr. McGarity by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY EXPERIAN

72. Plaintiff realleges the above paragraphs as if recited verbatim.

73. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McGarity as that term is defined in 15 USC 1681a.

74. Such reports contained information about Mr. McGarity that was false, misleading and inaccurate.

75. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McGarity, in violation of 15 USC 1681e(b).

76. After receiving Mr. McGarity's consumer disputes to the Bogus Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

77. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. McGarity has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

78. Experian is liable to Mr. McGarity by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against - Defendant Experian for the greater of statutory or actual damages, plus punitive damages along

with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

79. Plaintiff realleges the above paragraphs as if recited verbatim.

80. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McGarity as that term is defined in 15 USC 1681a.

81. Such reports contained information about Mr. McGarity that was false, misleading and inaccurate.

82. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McGarity in violation of 15 USC 1681e(b).

83. After receiving Mr. McGarity's consumer disputes to the Bogus Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

84. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. McGarity has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

85. Trans Union is liable to Mr. McGarity by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

86. Plaintiff realleges the above paragraphs as if recited verbatim.

87. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McGarity as that term is defined in 15 USC 1681a.

88. Such reports contained information about Mr. McGarity that was false, misleading and inaccurate.

89. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McGarity, in violation of 15 USC 1681e(b).

90. After receiving Mr. McGarity's consumer disputes to the Bogus Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

91. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. McGarity has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

92. Trans Union is liable to Mr. McGarity by reason of its violations of the FCRA in an

amount to be determined by the trier of fact together with his reasonable attorneys' fees

pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against

Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages

along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five

thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

June 17, 2015                          Respectfully submitted,

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com